IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEVIN MACK and LEANNA RANDALL**, on behalf of themselves And similarly situated employees, :  :  : | CIVIL ACTION NO. 3:19-CV-992  :  (Judge Conner) |
| **Plaintiffs** : | : |
| v. : | : |
| **RMLS-HOP RESTAURANTS PA, L.P.,** : | : |
| **Defendant** : | : |

## MEMORANDUM

Plaintiffs bring this collective action against RMLS-HOP Restaurants PA, L.P., asserting claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. We conditionally certified the FLSA collective action on January 29, 2020, and ordered that all opt-in plaintiffs submit a "Consent to Join" form ("Consent Form") with a postmark date of no later than March 18, 2020. Plaintiffs move to permit two opt-in plaintiffs who missed the Consent Form deadline to participate in the collective action. We will grant plaintiffs' motion and permit the additional opt-in plaintiffs to join the collective action.

I.      **Factual Background & Procedural History**

Plaintiffs Devin Mack and Leanna Randall are former employees of the defendant, (see Doc. 10 ¶¶ 11, 12; Doc. 21 ¶¶ 11, 12), and claim that they and others similarly situated are entitled to overtime pay under the FLSA, (see Doc. 10 ¶ 15). Plaintiffs filed their initial complaint in this court on June 7, 2019, and an amended complaint on July 25, 2019. Defendant filed an answer on October 1, 2019. On

January 29, 2020, the parties stipulated to conditionally certify the action on behalf of "[a]ll individuals employed by Defendant RMLS HOP Restaurants PA, L.P. as salaried Assistant Managers during any workweek within three years of the entry of this order." (Doc. 30 ¶ 1). We accepted the parties' stipulation.

We issued an order conditionally certifying the collective action and establishing the method by which individuals may opt into the action. (Doc. 31). Defendant was tasked to provide plaintiffs with a list of names and the last known mailing address of each putative collective member within seven days of our order. (Id. ¶ 4). Within 14 days of our order—or by February 12, 2020—plaintiffs were directed to mail all putative collective members a "Notice of Collective Action Lawsuit" form, a "Consent Form," and a return envelope addressed to plaintiffs' counsel. (Id. ¶ 5). Importantly, we instructed that "to participate in this action, a Putative Collective Member must complete his/her Consent Form and return it in an envelope postmarked on or before . . . 35 calendar days after the initial mailing date." (Id. ¶ 6). That is, March 18, 2020. Plaintiffs' counsel was then required to "file with the Court each completed Consent Form within [five] business days of receipt." (Id. ¶ 7).

Kevin Silvio and Brianna Steinruck both submitted their Consent Forms after March 18, 2020. Silvio signed his Consent Form on April 30, and his return envelope was postmarked May 1. (Doc. 44 at 1-2). Silvio states via sworn affidavit that he likely received his paperwork between April 25 and April 29, during which time he was at the hospital for the birth of his daughter. (Doc. 44-1 at 1). Silvio is unsure why he received his paperwork so late, but defense counsel asserts that the

—

delay was caused by Silvio's failure to update his address with the human resources department before leaving the company.[1]  (See id. at 3-4, 6, 8).  Defendant claims—and plaintiffs do not dispute—that Silvio moved to his current address at some point before May 2018 while still employed with defendant, but did not update his address.  (See Doc. 44-1; Doc. 49 at 6; Doc. 50 at 1-2).  Because plaintiffs' counsel relied on defendant's records to mail the necessary forms to putative collective members, Silvio's paperwork was initially sent to his old address.  (Doc. 48 at 3-4; Doc. 48-1 at 2, 4).  That mailing was returned as undeliverable on April 22, 2020, and plaintiffs' counsel promptly remailed the paperwork to Silvio.  (Doc. 48 at 4; Doc. 48-2 at 2, 4).  Plaintiffs' counsel filed Silvio's papers with the court on July 16, 2020.  (Doc. 44).

Steinruck, on the other hand, claims that she received and mailed her papers in accordance with this court's order.  She attests in her sworn affidavit that she signed and mailed her Consent Form on March 12, 2020, yet her return envelope was postmarked March 21, 2020.  (Doc. 39 at 3-4; Doc. 48-3).  Steinruck has no explanation for the nine-day gap between the signage date and the postmark date.  (Doc. 48 at 4).  Plaintiffs' counsel filed Steinruck's papers with the court on March 23, 2020.  (Doc. 39).

Plaintiffs move to permit opt-in plaintiffs Silvio and Steinruck, and defendant opposes plaintiffs' motion.  The motion is fully briefed and ripe for disposition.

---

[1] Defendant's employee handbook explains that employees "are responsible of [sic] notifying Human Resources of any changes to the following information . . . [a]ddress and phone number."  (Doc. 49 at 15).

3

## II.   Discussion

The FLSA does not specify when an opt-in plaintiff must be added to a collective action.  See 29 U.S.C. § 201 *et seq.*  Instead, courts set the applicable deadline as part of their "equitable powers to manage the litigation in order to promote judicial economy and fairness to litigants."  De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 313 (3d Cir. 2003) (reviewing district court's decision to close FLSA opt-in period and exclude opt-in plaintiffs); see also Boyington v. Percheron Field Servs., LLC, No. 3:14-CV-90, 2017 WL 1378328, at *3 (W.D. Pa. Apr. 12, 2017) (citation omitted).  Untimely opt-in requests will be permitted if the movant can establish that there is good cause for the delay or that the delay is the result of "excusable neglect."  See Boyington, 2017 WL 1378328, at *3 (citing Camesi v. Univ. of Pittsburgh Med. Ctr., No. 09-CV-85, 2009 WL 4573287, at *2 (W.D. Pa. Dec. 1, 2009) (collecting cases); Dasilva v. Esmor Corr. Servs., Inc., 167 F. App'x 303, 307 (3d Cir. 2006) (nonprecedential)); Potoski v. Wyoming Valley Health Care Sys., No. 3:11-CV-00582, 2017 WL 11047059, at *1 (M.D. Pa. Nov. 17, 2017) (collecting cases).[2]

---

[2] Although the excusable-neglect and good-cause standards are ostensibly two different tests, they both consider the prejudice to the nonmoving party, as well as the justifications for and the reasonableness of the hopeful opt-ins' delay.  See id. (citing Moya v. Pilgrim's Pride Corp., No. 06-cv-1249, 2006 WL 3486739, at *2 (E.D. Pa. Nov. 30, 2006)) (late opt-in request can excused under the good-cause standard if "the party seeking to excuse its untimely filing has a good reason for its delay"); Martin v. Citizens Fin. Grp., Inc., No. CV 10-260, 2011 WL 13110815, at *1 (E.D. Pa. June 23, 2011) (citing Moya, 2006 WL 3486739, at *1) (good-cause approach requires consideration of prejudice).  As discussed *infra*, we conclude that the movants' delay in this case can be explained as excusable neglect.  For essentially the same reasons, we also conclude that there was good cause for the delay.

Courts consult four factors in deciding whether a plaintiff has demonstrated excusable neglect for an untimely opt-in notice: "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential effect on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movants; and (4) whether the movants acted in good faith." Boyington, 2017 WL 1378328, at *3 (citing In re Orthopedic Bone Screw Prod. Liab. Litig., 246 F.3d 315, 321-23 (3d Cir. 2001)). We consider "all relevant circumstances surrounding the delay." Thompson v. Peak Energy Servs. USA, Inc., No. 13-0266, 2014 WL 789087, at *1 (W.D. Pa. Feb. 26, 2014) (citing, *inter alia*, Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

Plaintiffs have established that their delay is the product of excusable neglect. First, there is simply no danger of prejudice to defendant. Plaintiffs filed their motion early in this litigation in advance of the discovery deadline and before the filing of any dispositive motions. (See Doc. 43). Moreover, plaintiffs seek to add only two opt-in plaintiffs—although the addition of many opt-in plaintiffs might carry with it a substantial burden, this minor request imposes a *de minimis* burden. See Boyington, 2017 WL 1378328, at *4 (finding minimal prejudice in adding two opt-in plaintiffs).

The second and third factors also weigh in favor of granting plaintiffs' motion. The delay resulting from these two late notices is minimal and it should have no material effect on the litigation. Moreover, the court accepts plaintiffs' respective reasons for the delay.

With regard to Steinruck, the length of delay in postmarking her consent form—three days after the Consent Form deadline—is insubstantial, so that factor leans in plaintiffs' favor. Steinruck also acted with reasonable diligence in submitting her Consent Form after she received it, and the delay in delivery does not appear to have been her fault. Steinruck swears under penalty of perjury that she placed her Consent Form in the mail six days before the operative deadline and nine days before its postmark date. Defendant attempts to cast doubt on Steinruck's accounting by declaring that "[i]t is highly unlikely that it took the Post Office nine days to postmark the envelope," and implying that Steinruck's purportedly false explanation constitutes bad faith. (Doc. 49 at 7). Unlike defendant, we will not discredit Steinruck's explanation based on speculation. See Moya, 2006 WL 3486739, at *2; see also Thompson, 2014 WL 789087, at *2. The court concludes that she has set forth a sufficient context for the delayed submission, and we will permit her filing.

Silvio's Consent Form, on the other hand, was postmarked roughly one-and-one-half months after the March 18, 2020 deadline. That delay is no doubt greater than the delay associated with Steinruck's Consent Form, but it does not "substantially affect the course of this litigation." Boyington, 2017 WL 1378328, at *4 (finding seven-and-one-half month delay significant but not material). The delay caused by Silvio's addition to this suit will likely be minimal, especially in light of the unexpired pretrial deadlines. Unlike Steinruck though, the delay associated with Silvio's Consent Form was at least partially within his control because he was responsible for updating his address in his former employer's database. This failure

6

had consequences: it resulted in plaintiffs' counsel sending the Consent Form and related documents to Silvio's old address.  But despite defendant's claims to the contrary, there is no indication that Silvio acted in bad faith.  At most, Silvio's failure to update his address demonstrates simple negligence in updating his human resources records.

Defendant also points out that, even after Silvio untimely submitted his papers, his counsel did not file his Consent Form with the court until July 16, 2020, well after the deadline imposed on counsel.  (Doc. 49 at 7).  This delay was clearly not attributable to Silvio; plaintiffs' counsel concedes that he inadvertently failed to promptly submit the Consent Form on Silvio's behalf.  (See Doc. 50 at 2).  Although we recognize counsel's error, we cannot say that the delay in filing the consent form is Silvio's fault or that it mandates Silvio's exclusion from this case.  On balance, Silvio's delay does not preclude him from joining suit as an opt-in plaintiff.

One final matter requires the court's attention.  Defendant argues that if we are to permit Silvio and Steinruck to join this suit as opt-in plaintiffs, we should hold that the date on which their suits "commenced" for statute-of-limitations purposes is today's date.  We do not agree.  The statute of limitations for FLSA claims is two years, or three years if the violation is willful.  29 U.S.C. § 255(a).  For statute-of-limitations purposes, an action "commences" for opt-in plaintiffs "only upon filing of a written consent."  Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 200 (3d Cir. 2011) (citing 29 U.S.C. § 256(b)), rev'd on other grounds, 569 U.S. 66 (2013).  Therefore, the operative dates for Silvio and Steinruck are July 16, 2020, and March 23, 2020, respectively.  (See Doc. 39 (Steinruck); Doc. 44 (Silvio)).

### III.  **Conclusion**

We will grant plaintiffs' motion (Doc. 45) to permit the opt-in plaintiffs to participate in this collective action.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    November 6, 2020